UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Lauri Marino & Dimitrios Patetsos**<br>    **Plaintiffs,**<br><br>v.<br><br>**Enfield Nissan, Inc. f/k/a Enfield Nissan-**<br>**Pontiac, Inc. d/b/a Lia Hyundai**<br>    **Defendant** | **COMPLAINT**<br><br>**Jury Trial claimed**<br><br><br><br>**August 5, 2009** |

## I. INTRODUCTION

This is a suit brought by two consumers residing in Connecticut regarding the purchase and sale of a motor vehicle. Plaintiffs bring this action to recover actual, statutory, and punitive damages, reasonable attorney's fees, and costs from the defendant Enfield Nissan, Inc. f/k/a Enfield Nissan-Pontiac, Inc. d/b/a Lia Hyundai ("Lia Hyundai") for engaging in a "yo-yo" sale of a motor vehicle, also known as a spot delivery. The illegal, unfair and deceptive actions engaged in consisted of receiving credit applications from Plaintiffs and then offering financing with Lia Hyundai acting as the creditor with no valid condition subsequent or precedent regarding the necessary disclosures and representing to Plaintiffs that they had been approved on financing for a car, then, upon Plaintiffs' acceptance of this offer, accepting $2,500 from Plaintiff Lauri Marino as a down payment, accepting Plaintiff Lauri Marino's vehicle as a trade-in, and delivering possession of the car to Plaintiffs, only to take back possession of the Vehicle and attempt to resell it to another party.

These acts violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA"); the Uniform

Commercial Code, C.G.S. §§42a-9-609 *et seq.* ("UCC"); the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"); the Connecticut Retail Installment Sales Finance Act, C.G.S. § 36a-770 *et seq.* ("RISFA"); and also constituted negligent misrepresentation, fraudulent misrepresentation, breach of contract, theft, conversion, and negligent infliction of emotional distress.

## II. PARTIES

1. Plaintiffs are consumers residing in Enfield, Connecticut.

2. Defendant Lia Hyundai is a domestic corporation that operates an automobile dealership in Enfield, Connecticut.

## III. JURISDICTION

3. Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. This court has jurisdiction over Lia Hyundai because it regularly conducts business in this state.

5. Venue in this court is proper, because the plaintiffs reside in Connecticut, and the claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

6. In April of 2007, Plaintiff Lauri Marino and her best friend Plaintiff Dimitrios Patetsos visited Lia Hyundai and met with Lia Hyundai Salesperson Christopher M.

Salvador, and during that meeting, Plaintiffs expressed interest in purchasing a 2008 Hyundai Tuscon ("the Vehicle").

7. The Vehicle was intended for Plaintiff Lauri Marino's use; Plaintiff Dimitrios Patetsos accompanied Plaintiff Lauri Marino to the dealership that day with the intention of co-signing on the contract to purchase the Vehicle.

8. The cash price for the Vehicle was $15,197.42.

9. Plaintiffs filled out and submitted a joint credit application to Lia Hyundai.

10. Approximately two weeks later, Plaintiff Lauri Marino was notified by Lia Hyundai that they had been approved for financing to purchase the Vehicle.

11. Plaintiffs returned to Lia Hyundai on or around April 27, 2009 to consummate the transaction for the Vehicle.

12. On or around April 27, 2009, Lia Hyundai took possession of Plaintiff Lauri Marino's 2000 Toyota Corolla as a trade-in.

13. Lia Hyundai offered to give Plaintiff Lauri Marino $3,988 for the trade-in, and Plaintiff Lauri Marino gave Lia Hyundai a $2,500 cash down payment towards the Vehicle.

14. Lia Hyundai, through its employees, had a Retail Purchase Order and a Retail Installment Sales Contract (also referred to herein as "the Contract") for the Vehicle prepared for the Plaintiffs' review and acceptance. The Contract described the terms of the sale and the financing as had been agreed to by the plaintiffs and Lia Hyundai. On the Contract, Plaintiff Dimitrios Patetsos was the Buyer and Plaintiff Laurie Marino the Co-Buyer. The total sale price was $15,596.42, the annual percentage

3

interest rate was 12.90%, the cash down payment was listed as $2,500, the Contract called for 48 payments of $245.22 each, and the finance charge was listed as $2,662.14

15. The Contract listed Plaintiffs as the Buyers and Lia Hyundai as the Creditor/Seller.

16. The Contract did not list the Truth in Lending disclosures as estimates.

17. The terms of the Contract were acceptable to the plaintiffs, who accepted Lia Hyundai's offer by signing the Retail Purchase Order and the Contract.

18. After Plaintiffs' acceptance of the Contract, Lia Hyundai became the seller who extended credit to the plaintiffs for the purchase of the Vehicle, with the intention of assigning the Contract to IAC, Inc.

19. Under the express terms of the Contract, the plaintiffs provided full consideration required under the Contract and agreed to make the monthly payments to Lia Hyundai as recited in the Contract.

20. Under the terms of the Contract, Plaintiffs' first payment was due on June 11, 2009.

21. Lia Hyundai delivered the Vehicle to the plaintiffs that same day; the Vehicle had dealer plates and had not been yet been registered by Lia Hyundai

22. After retaining possession of the Vehicle for approximately seventeen days, Lia Hyundai called Plaintiff Lauri Marino and told her that she needed to visit Lia Hyundai to sign a rider because she was driving with dealer plates.

23. On or around May 14, 2009, Plaintiff Lauri Marino drove the Vehicle to Lia Hyundai, and when she arrived, Lia Hyundai told her that she needed to return the

4

Vehicle, and it told her that the reason she had to give the Vehicle back to Lia Hyundai was because it had problems certifying the Vehicle with the bank.

24. At that time, Plaintiff Lauri Marino was already carrying insurance on the Vehicle, and she had just paid $25 to fill the Vehicle's tank up with gasoline.

25. Upon hearing that she had to give back the Vehicle to the dealer, Plantiff Lauri Marino became emotionally distraught and began to cry.

26. Lia Hyundai took the Vehicle, and it gave Plaintiff Lauri Marino the title, registration, and keys to her 2000 Corolla, and it also gave her down payment back.

27. Lia Hyundai repossessed the Vehicle from Plaintiff Lauri Marino with her personal possessions still inside the Vehicle, and Plaintiff Lauri Marino was forced to drive away in her 2000 Corolla without those personal possessions.

28. Plaintiff Lauri Marino was humiliated by the fact that she no longer had the Vehicle, and she worried that she was going to have to explain to friends and co-workers why she was suddenly driving her old 2000 Corolla again, and she cried most of the time for several days after Lia Hyundai repossessed the Vehicle.

29. The following Friday, Plaintiff Lauri Marino returned back to Lia Hyundai to inquire further into why her Vehicle was taken away, and she met with a finance manager named "Tim" who told her that the reason Lia Hyundai had to take the Vehicle back was because it was never signed up with IAC to provide financing for the Vehicle.

30. Plaintiff Lauri Marino also spoke with the general manager of Lia Hyundai, Kamran Kafi, who told her that car financing is like buying a home – a consumer can get approved for the purchase but still be denied financing – and he told her that Lia Hyundai would try and get her approved for financing with a different bank.

5

31. On or around May 21, 2009, Justin Kudelka, Lia Hyundai's Sales Manager, called Plaintiff Laurie Marino on her cell phone and told that he could get her approved for financing for the Vehicle with a different finance company but at a higher interest rate; Plaintiff Lauri Marino could not afford higher payment and no longer trusted Lia Hyundai, and she declined his offer.

32. On or around May 27. 2009, Plaintiff Laurie Marino's friend visited Lia Hyundai to retrieve Plaintiff Laurie Marino's personal belongings that were inside the Vehicle when Lia Hyundai repossessed it, and when she was retrieving said belongings, she noticed that the Vehicle had already been placed back in the lot and listed for sale.

### V. COUNT ONE
### TRUTH IN LENDING ACT

33. Plaintiffs incorporate Paragraphs 1-32.

34. Lia Hyundai violated the TILA and Regulation Z by failing to make proper disclosures to the Plaintiffs prior to the time that they became committed to the transaction.

35. Lia Hyundai is liable to Plaintiffs for their actual damages pursuant to 15 U.S.C. § 1640(a)(1), plus statutory damages of $1,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3).

### VI. COUNT TWO
### EQUAL CREDIT OPPORTUNITY ACT

36. Plaintiffs incorporate Paragraphs 1-32.

37. In advising Plaintiff Lauri Marino that Lia Hyundai had been unable to obtain financing, in revoking the credit which had been previously granted as evidence

6

by the Contract, in demanding that the Vehicle be returned and in taking said Vehicle without the Plaintiffs' consent, Lia Hyundai took adverse action against the Plaintiffs as defined in U.S.C. §1691d(6) of the ECOA.

38. In violation of 15 U.S.C. § 1691d (1) and (2) of the ECOA, the defendant failed to provide Plaintiffs with written notification as to the reasons for the adverse action and failed to provide them with written notification of (a) Plaintiffs' right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification and (b) the identity of the person or office from which such statement may be obtained.

39. As a proximate result of Lia Hyundai's violations of the ECOA, Plaintiff Lauri Marino suffered embarrassment, humiliation, mental distress and inconvenience, and she has been without reliable transportation.

40. The acts complained herein were done by Lia Hyundai intentionally, purposefully and/or in reckless disregard of the Plaintiffs' rights.

41. Lia Hyundai is also liable to Plaintiffs for statutory punitive damages in an amount not greater than $10,000 pursuant to 15 U.S.C. § 1691e(b).

42. Lia Hyundai is also liable to Plaintiffs for reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1691e(d).

## VII. COUNT THREE
## UCC ARTICLE 9 VIOLATIONS

43. Plaintiffs incorporate Paragraphs 1-32.

44. In making Plaintiffs return possession of the Vehicle to Lia Hyundai when it had no legal right to do so, Lia Hyundai committed a repossession of their Vehicle in violation of C.G.S. § 42a-9-609.

45. Pursuant to C.G.S. § 42a-9-625, Lia Hyundai is liable to Plaintiffs for an amount equal to the credit service charge of $2,662.14 plus ten percent of the principal amount of the amount financed as shown on the Contract, which amount equals $910.84 (10% x $9,108.42) for a total amount of $3,572.98.

46. The actions of Lia Hyundai have also caused Plaintiff Lauri Marino damages in that she has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Lia Hyundai's duly authorized employees.

## VIII. COUNT FOUR
## RETAIL INSTALLMENT SALES FINANCING ACT

47. Plaintiffs incorporate Paragraphs 1-32.

48. In making Plaintiffs return possession of the Vehicle to Lia Hyundai when it had no legal right to do so, Lia Hyundai committed a repossession of her Vehicle in violation of C.G.S. § 36a-785.

49. Lia Hyundai failed to provide any pre-repossession notice to Plaintiffs as described in C.G.S. § 36a-785(b) and subsequently failed to provide the post repossession notice to Plaintiffs as required by C.G.S. § 36a-785(c) when no pre-repossession notice is sent.

50.     The actions of Lia Hyundai have caused Plaintiff Lauri Marino damages in that she has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Lia Hyundai's duly authorized employees.

51.     As a result of Lia Hyundai's violation of RISFA, pursuant to C.G.S. § 36a-785(i), the plaintiffs are entitled to their actual damages, and in no event less than one-fourth of the sum of all payments which have been made under the Contract.

### IX. COUNT FIVE
### CONNECTICUT UNFAIR TRADE PRACTICES ACT

52.     Plaintiffs incorporate Paragraphs 1-32.

53.     The actions of Lia Hyundai, in representing to Plaintiffs that they had been approved for financing on the purchase of the Vehicle, then offering financing with Lia Hyundai acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then accepting $2,500 down payment from Plaintiff Lauri Marino, and then accepting Plaintiff Lauri Marino's Corolla as a trade-in; then, upon Plaintiffs' acceptance of this offer, telling Plaintiffs that were approved for financing and delivering possession of the Vehicle to Plaintiffs, only to later contact Plaintiff Laurie Marino and bring her to the dealer under false pretenses and then unlawfully repossess the Plaintiffs' Vehicle, constituted an unfair trade practices in violation of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a *et seq.*, in that these actions were immoral, unethical, oppressive and unscrupulous.

54. The actions of Lia Hyundai, acting through its duly authorized employees, in representing to Plaintiffs that they had been approved for financing on the purchase of the Vehicle, then offering financing with Lia Hyundai acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then, upon Plaintiffs' acceptance of this offer, delivering possession of the Vehicle to Plaintiff and accepting Plaintiff's trade-in and a down payment, and thereafter illegally repossessing their Vehicle, constituted an unfair trade practice in violation of the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a *et seq.*, in that the actions of Lia Hyundai's employees for which Lia Hyundai is liable offends public policy as it has been established by common law in that the actions of Lia Hyundai either:

   a. constituted fraudulent misrepresentation in that Lia Hyundai, by its duly authorized agent and employee, made a false representation as to the approval of Plaintiffs' financing for the Vehicle, which representation was made as a statement of fact, though it was untrue and known to be untrue by Lia Hyundai's agent and employee who was acting within the scope of the employee's authority and employment when the employee made the representation, and it was made to induce Plaintiffs to act upon it and the Plaintiffs did act upon that false representation to Plaintiffs' injury, or,

   b. constituted negligent misrepresentation in that Lia Hyundai's duly authorized agent and employee, while acting within the scope of the employee's authority as agent and employee for Lia Hyundai, failed to exercise reasonable care or competence in obtaining or communicating

proper information regarding the approval of Plaintiffs' financing and thereby supplied false information, and caused Plaintiffs, by their justifiable reliance upon this information, to suffer pecuniary loss.

55. The actions of Lia Hyundai, as described above, have caused the Plaintiffs to suffer an ascertainable loss. Plaintiff Lauri Marino has also suffered emotional distress, aggravation, and embarrassment because of Lia Hyundai's actions.

## X. COUNT SIX
## BREACH OF CONTRACT

56. Plaintiffs incorporate Paragraphs 1-32.

57. In taking Plaintiffs' Vehicle, Lia Hyundai breached its contract with Plaintiffs.

58. The breach of contract by Lia Hyundai has caused Plaintiffs damages and Plaintiff Lauri Marino has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Lia Hyundai's duly authorized employees.

## XI. COUNT SEVEN
## NEGLIGENT MISREPRESENTATION

59. Plaintiffs incorporate Paragraphs 1-32.

60. The actions of Lia Hyundai, acting through its duly authorized employees for whose actions it is liable, in representing to Plaintiffs that they had been approved for financing on the purchase of the Vehicle, then offering financing with Lia Hyundai acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then accepting $2,500 down payment from Plaintiff Lauri Marino, and then accepting Plaintiff Lauri Marino's

Corolla as a trade-in; then, upon Plaintiffs' acceptance of this offer, telling Plaintiffs that they would be approved for financing and delivering possession of the Vehicle to Plaintiffs, only to later contact Plaintiff Laurie Marino and bring her to the dealer under false pretenses and then unlawfully repossess the Plaintiffs' Vehicle , constituted a negligent misrepresentation in that the defendant's agents and employees, while acting within  the scope of their authority as agents and employees for Lia Hyundai, failed to exercise reasonable care or competence in obtaining or communicating proper information regarding the financing of Plaintiffs' Vehicle and thereby supplied false information for the guidance of Plaintiffs in purchasing the Vehicle, and cause Plaintiff Lauri Marino, by her justifiable reliance upon this information, to suffer pecuniary loss.

61.     The actions of Lia Hyundai have caused Plaintiffs damages, and Plaintiff Lauri Marino has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Lia Hyundai's duly authorized employees.

## XII. COUNT EIGHT
## FRAUDULENT MISREPRESENTATION

62.     Plaintiffs incorporate Paragraphs 1-32.

63.     The actions of Lia Hyundai, acting through its duly authorized employees for whose actions it is liable, in representing to Plaintiffs that they had been approved for financing on the purchase of the Vehicle, then offering financing with Lia Hyundai acting as creditor with no valid condition subsequent or precedent regarding the defendant being able to assign the financing agreement to a third party, then accepting $2,500 down payment from Plaintiff Lauri Marino, and then accepting Plaintiff Lauri Marino's Corolla as a trade-in; then, upon Plaintiffs' acceptance of this offer, telling Plaintiffs that

they were approved for financing and delivering possession of the Vehicle to Plaintiffs, only to later contact Plaintiff Laurie Marino and bring her to the dealer under false pretenses and then unlawfully repossess the Plaintiffs' Vehicle constituted a fraudulent misrepresentation in that Lia Hyundai, by its duly authorized agents and employees, made a false representation as to the financing approval of the Vehicle, which representation was made as a statement of fact, though it was untrue and known to be untrue by Lia Hyundai's agents and employees who were acting within the scope of its authority and employment when they made the representation, and they were made to induce Plaintiffs to act upon them, and Plaintiffs did act upon the false representations to Plaintiffs' injury.

64. The actions of Lia Hyundai have caused Plaintiffs damages, and Plaintiff Lauri Marino has suffered emotional distress, aggravation and embarrassment as a result of the conduct of Lia Hyundai's duly authorized employees.

### XIII. COUNT NINE
### THEFT

65. Plaintiffs incorporate Paragraphs 1-32.

66. In taking Plaintiffs' Vehicle when it had no legal right to do so, Lia Hyundai wrongfully took Plaintiffs' Vehicle from its owner with intent to deprive them of the Vehicle.

67. By Lia Hyundai's actions described in the previous paragraph, the defendant violated C.G.S. § 52-564 which provides "Any person who steals any

property of another, or knowingly receives and conceals stolen property, shall pay the owner treble damages."

68. The actions of Lia Hyundai have caused Plaintiff Lauri Marino damages in that she has lost the use and the full value of the Vehicle, has been without reliable transportation, and has suffered emotional distress, aggravation, and embarrassment as a result of the conduct of Lia Hyundai's duly authorized employees.

69. Plaintiff Lauri Marino also suffered emotional distress, aggravation, and embarrassment because of the defendant's actions.

## XIV. COUNT TEN
## CONVERSION

70. Plaintiffs incorporate Paragraphs 1-32.

71. In taking Plaintiffs' Vehicle when it had no legal right to do so, the defendant wrongfully took Plaintiffs' Vehicle from its owner.

72. By Lia Hyundai's actions as described in the previous paragraph, the defendant committed common law conversion.

73. The actions of Lia Hyundai have caused Plaintiff Lauri Marino damages in that she has lost the use and the full value of the Vehicle, has been without reliable transportation, and has suffered emotional distress, aggravation, and embarrassment as a result of the conduct of Lia Hyundai's duly authorized employees.

74. Plaintiff Lauri Marino also suffered emotional distress, aggravation, and embarrassment because of the defendant's actions.

## XV. COUNT ELEVEN
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Lauri Marino only)

75.    Plaintiff Lauri Marino incorporates Paragraphs 1-32.

76.    Lia Hyundai knew, or reasonably should have known, that its conduct would likely cause emotional distress to Plaintiff Lauri Marino.

77.    Lia Hyundai's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

**Wherefore, Plaintiffs claim,** actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $1,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual money damages pursuant to 15 U.S.C. § 1691e(a), punitive damages of $10,000 pursuant to 15 U.S.C. § 1691e(b), and reasonable attorney's fees and costs of this action pursuant to 15 U.S.C. § 1691e(d); pursuant to C.G.S. §42a-9-625, Lia Hyundai is liable to the plaintiff for an amount equal to the credit service charge plus ten percent of the principal amount of the amount financed as shown on the Retail Installment Sales Contract, money damages, and a reasonable attorney's fees pursuant to C.G.S. § 42-150bb; actual damages and in no event less than one fourth of the sum of all payments which have been made under the First Contract, as provided in C.G.S. § 36a-785(i); statutory punitive damages pursuant to C.G.S. § 42-110g(a); attorney's fees pursuant to C.G.S. § 42-110g(d); an order from the Court ordering Lia Hyundai to cease and desist from engaging in unfair and deceptive trade practices; such other further relief to which Plaintiffs are at law, or in equity and by statute entitled to against Lia Hyundai

PLAINTIFFS, **Lauri Marino & Dimitrios Patetsos**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457
dblinn@consumerlawgroup.com
mwgraeber@consumerlawgroup.com